```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

VERA LEE BUCKLEY IMASUEN,
      Petitioner,

      v.                       CIVIL ACTION NO.
                                  13-13204-DPW

WINN PROPERTY MANAGEMENT, et al.
      Defendants.

## MEMORANDUM AND ORDER

For the reasons state below, the Court allows petitioner's Motion (#3) for Leave to Proceed *In Forma Pauperis*; denies plaintiff's Motion (#2) to Stay Execution of Housing Case; and, to the extent petitioner seeks to remove a case from Housing Court, remands such case and directs plaintiff to show good cause why this action should not be dismissed.

## BACKGROUND

On December 18, 2013, Vera Lee Buckley Imasuen ("Imasuen"), a resident of Roxbury, Massachusetts, filed her self-prepared Notice of Removal accompanied by a Motion for Leave to Proceed *In Forma Pauperis* and a one-page Motion To Stay Execution of Housing Case. With the Notice of Removal, Imasuen submitted copies of several documents including (1) a 2011 letter to Imasuen from Mayor Menino thanking her for her civic efforts; (2) a 2012 Boston Housing Authority ("BHA") legal office notice withdrawing proposed termination of Imasuen's housing assistance; (3) a 2012 Boston Housing Authority ("BHA") Notice dismissing Imasuen's appeal based upon withdrawal of termination request; (4) Imasuen's 7/23/13 notice to BHA seeking removal of default based

upon her failure to receive notice of hearing; (5) Imasuen's 12/4/13 Boston Housing Court motion to consolidate No. 13cv1044 with 13SP4889 abd 13SP4995; (5) several undated BHA notices.

The Notice of Removal consists primarily of a recounting of events surrounding the termination of Imasuen's five-year tenancy at 840 Shawmut Avenue in Roxbury and her efforts to have her Section 8 Housing voucher reinstated.  As an initial matter, the Court notes that Imasuen's typewritten Notice of Removal is not signed or dated.  Imasuen explains that she is a disabled, black woman and that she was subject to racial biases.  The Notice of Removal names Winn Property Management and the Boston Housing Authority as defendants.

Imasuen Petitions the "US District Court for removal [from] state Court [the] 'No Fault evictions' Case and reinstate [her] Section 8 Housing and grant [her] Emergency Section 8 federal voucher Certificate that has been denied [to Imasuen] by Boston Housing Authority . . ."  See Notice of Removal, ¶¶ 1-5.  Imasuen also asserts jurisdiction pursuant to "Federal Housing Civil Rights violations under federal guidelines."  Id. at p. 1. Imasuen contends that her lease was terminated due to a misunderstanding concerning Imasuen's request to move.  Id. at ¶¶ 9-17.

## DISCUSSION

I.  The Motion to Proceed In Forma Pauperis

Upon review of Imasuen's financial disclosures, the Court finds that she lacks sufficient funds to pay the filing fee for

this civil action.  Thus, her plaintiff's Motion (#3) for Leave to Proceed In Forma Pauperis is allowed.

    II.  No Basis for Removal

On the fact of the Notice, it would appear that removal is inappropriate.  Petitioner completely fails to identify the state court action sought to be removed.  However, the documents accompanying the Notice of Removal reference two summary process housing court actions and one civil action.

As to the civil action filed by Imasuen, she cannot remove this case.  The statutory provisions governing the procedures for removal of state court actions to federal court are set out in 28 U.S.C. §§ 1441 - 1452.  The "privilege of removal extends only to defendants, and not to plaintiffs."  McCane v. McCane, 47 F. Supp. 2d 848, 851 (E.D.Mich. 1999) (citing 28 U.S.C. §§ 1441(a), 1446).  By the clear language of the removal statutes, petitioner may not remove this action to federal court, regardless of whether she now seeks to assert civil rights claims against the Boston Housing Authority and/or Winn Property Management.

To the extent Imasuen seeks to remove the summary process actions, she has not followed the procedures[1] for removal and,

---

[1] The statute governing procedures for removal provides that a defendant desiring to remove any action from state court "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal" that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  It further specifies that the notice of

more importantly, has not alleged a sufficient basis for removal. The Court questions its removal jurisdiction under 28 U.S.C. § 1441 because it is unclear whether the original complaints set forth a basis for federal question jurisdiction (as opposed to any defenses or counterclaims asserted by Imasuen).  See Caterpillar Inc. v. Williams, 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (removal jurisdiction based on federal question stems only on the basis of federal claims in original complaint and not on defenses or counterclaims).

Removal under Section 1443 is available only in very limited circumstances.[2]  Removal pursuant to § 1443(1) is proper only when, among other things, it appears "that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality'."  Johnson v. Mississippi, 421 U.S. 213, 219, 95 S .Ct. 1591, 1595, 44 L. Ed. 2d 121 (1975) (quoting Georgia v. Rachel,

---

removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).

[2]Section 1443 of title 28 provides for removal to federal court if the prosecution is
    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
28 U.S.C. § 1443.

384 U.S. 780, 792, 86 S. Ct. 1783, 1790, 16 L. Ed. 2d 925 (1966)).  In the instant matter, petitioner's conclusory statements fail to present any statutory basis for the removal of the state court action to this Court.

Accordingly, this action shall be remanded to the Boston Housing Court within 21 days of the date of this Memorandum and Order, unless Imasuen demonstrates how this Court has removal jurisdiction.  Failure to comply with this directive also will result in an Order remanding this action.

III. <u>Imasuen May File a Civil Complaint</u>

In light of the above, this action will be remanded to the Boston Housing Court within 21 days of the date of this Memorandum and Order, unless Imasuen demonstrates how this Court has removal jurisdiction.

To the extent Imasuen may seek to respond by asserting a civil rights complaint related to this matter, she shall have 21 days of the date of this Memorandum and Order to do so or face collateral estoppel consequences.  Any complaint filed by Imasuen must comport with the pleading requirements of the Federal Rules of Civil Procedure.  She should set forth her claims separately as to each defendant, providing the legal cause of action, the date the alleged wrongdoings occurred, and a brief statement of the nature of the alleged wrongdoing, and the reasons for the alleged wrongdoing (*i.e.*, the "who, what, when, where, and why"

information necessary to set forth plausible claims under Rule 8). In order to facilitate this process, the Clerk shall send Imasuen a copy of "Step by Step: A Guide to Filing a Civil Action." Any complaint filed by Imasuen will be subject to preliminary screening pursuant to the substantive requirements of Section 1915. See 28 U.S.C. § 1915 (proceedings in forma pauperis).

    IV.   Motion to Stay Execution of Housing Case

Imasuen provides no grounds for her emergency *ex parte* motion (Docket No. 2), and therefore has not sufficiently demonstrated entitlement to injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

To obtain the extraordinary remedy of a preliminary injunction, a movant must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (noting that the "party seeking the preliminary injunction bears the burden of establishing that these four factors weighs in its favor"). To warrant the more extraordinary relief of a temporary restraining order, plaintiff must demonstrate that his injury of loss is

"immediate and irreparable."  Fed. R. Civ. P. 65(b).

Here, Imasuen's Notice of Removal fails to provide a proper basis for removal.  Accordingly, the request for injunctive relief must be denied for failing to demonstrate a likelihood of success.  See New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002).

                              ORDER

Based upon the foregoing, it is hereby ORDERED

1.  The Plaintiff's Motion (#3) for Leave to Proceed In Forma Pauperis is ALLOWED;

2.  The Plaintiff's plaintiff's Motion (#2) to Stay Execution of Housing Case is Denied;

3.  To the extent plaintiff seeks to remove a case from Housing Court, this action shall be remanded to the Boston Housing Court within 21 days of the date of this Memorandum and Order, unless Imasuen demonstrates how this Court has removal jurisdiction or files a complaint that comports with the pleading requirements of the Federal Rules of Civil Procedure; and

4.  No summonses shall issue pending further Order of the Court and the Clerk shall send Imasuen a copy of "Step by Step: A Guide to Filing a Civil Action."

SO ORDERED.

December 26, 2013                /s/ Douglas P. Woodlock
DATE                             DOUGLAS P. WOODLOCK
                                 UNITED STATES DISTRICT JUDGE